**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**MICHAEL D. ROBERTSON
ADC # 136346**                                                                         **PLAINTIFF**

V.                          **CASE NO.: 1:11CV00024 SWW/BD**

**JOE PAGE, III AND JOHN MAPLES, JR.**                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.   Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.    Introduction:**

Plaintiff Michael D. Robertson, an inmate at the Arkansas Department of Correction ("ADC"), brings this action pro se under 42 U.S.C. § 1983. (Docket entry #2) Mr. Robertson alleges that Assistant Warden Page and Warden Maples violated his due process rights when they placed him on behavior control for three days without providing him notice of the charges against him or an opportunity to present a defense. Mr. Robertson also claims that Assistant Warden Page verbally harassed him and punished twice for the same offense. In addition to his constitutional claims, Mr. Robertson brings a state law claim for the tort of outrage.

Mr. Robertson has failed to state a claim for relief under 42 U.S.C. § 1983. As a result, the Court should decline to exercise jurisdiction over Mr. Robertson's state law claim.

**III.   Discussion:**

Federal courts are required to screen prisoner complaints seeking relief against a government entity, officer, or employee and dismiss any part of a complaint that raises claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C § 1915A(b).

A.   Due Process Claim

To prevail on a Fourteenth Amendment Due Process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Because Mr. Robertson does not allege that Defendants deprived him of life or property, he must rely on the denial of a liberty interest to support his due process claim.[1] *Id.*

A prisoner's liberty interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995).

Here, Mr. Robertson claims that, while he was on behavior control, he was allowed to wear only his boxer shorts and was permitted to have only one blanket. He alleges that he was deprived of "proper hygiene," a shower, and "sanitary supplies to clean his cell." (#2 at p.7) Mr. Robertson explains that his cell was cold and that he was forced to wrap himself in his blanket to keep warm. He also claims that as a result of these conditions, he was not able to sleep comfortably and the cool conditions of his cell aggravated a prior leg injury.

---

[1] Although Mr. Robertson first stated that his personal property was taken from him when he was placed on behavior control, he goes on to explain that this property was returned to him.

Although Mr. Robertson may have been uncomfortable during the three days he spent on behavior control, the Court cannot conclude that the conditions he described qualify as an "atypical and significant hardship." The Eighth Circuit Court of Appeals has consistently held that the placement of an inmate in restrictive housing for a much longer time than Mr. Robertson spent in behavior control does not constitute the type of hardship necessary to establish a liberty interest. See *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Hemphill v. Delo*, Case No. 95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that four days of lock-down, thirty days in punitive disciplinary segregation, and 290 days in administrative segregation did not constitute an "atypical and significant hardship" under *Sandin*). Without an underlying liberty interest, Mr. Robertson's due process claim fails.[2]

B.   Eighth Amendment Claim

To the extent that Mr. Robertson claims that his conditions of confinement while on behavior control violated his eighth amendment rights, this claim also fails. In order to establish that conditions of confinement are unconstitutional, a prisoner must show (1) the alleged deprivation was, "objectively, sufficiently serious," resulting "in the denial

---

[2] To the extent that Mr. Robertson claims that the Defendants violated ADC policy, this claim also fails. Failure to follow ADC policy does not state a claim for relief under 42 U.S.C. § 1983. See *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 1980 (1994). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991)).

In evaluating Mr. Robertson's conditions, the Court must also "focus on the length of his exposure to unsanitary conditions [if any] and how unsanitary the conditions were." *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). A filthy cell may "be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978).

Here, Mr. Robertson fails to allege that he was denied any of life's necessities for an impermissible length of time. While Mr. Robertson's housing conditions might not have been ideal, the Constitution does not mandate "comfortable" prisons. See *Hudson*, 503 U.S. at 9; see also *Scott v. Carpenter*, 24 Fed. Appx. 645 (8th Cir. 2001) (upholding district court's finding that prison officials did not act with deliberate indifference to inmate plaintiff's hygiene where inmate plaintiff received only fifteen showers in six months); *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995) (no constitutional violation for inmate confined to a strip cell for four days without bedding, a mattress, soap, or other

hygiene items). Moreover, Mr. Robertson fails to allege that his cell was, in fact, unsanitary or that he actually was ever in need of any cleaning products during his three day assignment to behavior control.

Finally, Mr. Robertson does not allege that he has suffered or is suffering any real injury or health impairment as a result of his conditions. Although Mr. Robertson may have been uncomfortable and inconvenienced by his conditions, this kind of inconvenience does not rise to the level of a denial of a civilized measure of life's necessities.

C. Verbal Harassment

Mr. Robertson also claims that his constitutional rights were violated when Assistant Warden Page yelled at him on one occasion. Unfortunately for Mr. Robertson, claims of verbal harassment generally are not actionable under 42 U.S.C. § 1983. See *Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (unpub. per curiam) (citing *McDowell v. Jones* 990 F.2d 433, 434 (8th Cir. 1993)). Accordingly, this claim also fails.

D. Double Jeopardy

After Mr. Robertson was removed from behavior control, he alleges that he received a major disciplinary for the same conduct. Based on this, he claims he was punished twice for the same offense. To the extent that Mr. Robertson claims that he was subjected to double jeopardy, this claim fails.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This clause protects a person from being prosecuted for an offense for which he has already been both charged and either acquitted, convicted, or punished. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

Although the receipt of a disciplinary ordinarily can result in administrative segregation, loss of good-time credits, and a class-level reduction, it is not "punishment" for purposes of the Double Jeopardy Clause. See *Matter of Caranchini*, 160 F.3d 420, 423 (8th Cir. 1998) (citing *Mississippi State Bar v. Young*, 509 So.2d 210, 214 n. 1 (Miss. 1987)) ("Most states which have addressed the matter have held that disciplinary proceedings are not so criminal in nature as to evoke double jeopardy protections"); *Kerns v. Parratt*, 672 F.2d 690, 691 (8th Cir. 1982) (per curiam) (administrative proceedings based upon violation of prison disciplinary rules "did not place an offender in jeopardy for purposes of double jeopardy clause").

IV. **Conclusion:**

The Court recommends that Mr. Robertson's constitutional claims be dismissed with prejudice for failure to state a claim for relief. As a result, the Court should decline to exercise jurisdiction over Mr. Robertson's state law claim and dismiss that claim without prejudice. The Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma*

*pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 23rd day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE